**EXHIBIT 1**

From:                                                                04/  2011 08:12    #340 P.004/019

*rbzomanninglp.com*
*served on 556*
*4/19/11  12:26 p.m.*

Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, Arizona 85295-3023
Office:   (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| Adela M. Short,<br><br>       Plaintiff,<br><br>v.<br><br>Wells Fargo Bank,<br>National Association;<br>Casebolt & Germaine, PLC;<br>Marvin J. Schenk; Black<br>Partnerships I-X; White<br>Corporations I-X; Doe<br>I-X;<br><br>       Defendants. | No. CV2011-093632<br><br>**SUMMONS** |

**THE STATE OF ARIZONA TO:**

   **Casebolt & Germaine, PLC,** an Arizona limited liability company

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance

as an insurer's attorney to receive the service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after the day of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS Sections 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required. You are required to serve a copy of any response upon the Plaintiffs' attorney. RCP 10(1), A.R.S. § 12-311, RCP 5.

The name and address of Plaintiff's attorneys are:

> Floyd W. Bybee, #012651
> **BYBEE LAW CENTER, PLC**
> 2473 S. Higley Road
> Suite 104-308
> Gilbert, Arizona 85295-3023
> Office: (480) 756-8822

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

**DATED:**

**CLERK OF THE SUPERIOR COURT**, Maricopa County,

COPY

By: _____   APR 14 2011
      Deputy Clerk

M. S. JEANES, CLERK
A. JAMES
DEPUTY CLERK

- 2 -

```
Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
2473 S. Higley Road
Suite 104-308
Gilbert, Arizona 85295-3023
Office: (480) 756-8822
Fax:    (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff
```

COPY
APR 14 2011
CLERK JEANES, CLERK
A. JAMES
DEPUTY CLERK

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

| | |
|---|---|
| Adela M. Short, | No. CV2011 093632 |
| Plaintiff, | **COMPLAINT** |
| v. | (Fair Debt Collection Practices Act; Wrongful Garnishment; Conversion) |
| Wells Fargo Bank, National Association; Casebolt & Germaine, PLC; Marvin J. Schenk; Black Partnerships I-X; White Corporations I-X; Doe I-X; | |
| Defendants. | (Jury Trial Demanded) |

Plaintiff, Adela M. Short, for her complaint alleges as follows:

**I. INTRODUCTION.**

Plaintiff brings this action against Defendants for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., for wrongful garnishment,

1  and conversion.

2  **II. JURISDICTION AND VENUE.**

3  1. Jurisdiction and venue in this court is proper.

4  **III. PARTIES.**

5  2. Plaintiff is an individual residing in Maricopa County, Arizona.

7  3. Defendant Wells Fargo Bank, National Association, is a California corporation registered and authorized to do business within the state of Arizona.

10 4. Casebolt & Germaine, PLC (hereinafter "Casebolt") is an Arizona law firm registered as an Arizona professional limited liability company.

13 5. In January 2011, Casebolt & Germaine, PLC changed its name from Casebolt, Germaine & Schenk, PLC.

15 6. Marvin J. Schenk is an attorney licensed to practice law in Arizona.

17 7. Upon information and belief, Black Partnerships I-X, and White Corporations I-X are business entities authorized to do business in Arizona.

20 8. At the present time, Plaintiff does not know the true names and identities of the Defendants denominated Black Partnerships I-X, White Corporations I-X and Does I-X. At such time as their true names and identities are ascertained, Plaintiff will seek leave of the Court to amend her

-2-

1  Complaint to so state.
2  9. At all times relevant herein, Defendants Casebolt
3     and Schenk were agents of Defendant Wells Fargo, and
4     acted on the authority given to them by Wells Fargo.

### III. FACTUAL ALLEGATIONS

6  10. On February 25, 1999, Wells Fargo, through its then
7      attorney Schenk, obtained a judgment against
8      Plaintiff in the Maricopa County Superior Court in
9      the sum of $30,210.99 principal, accruing interest
10     at the rate of 13.50% per annum, and attorney's fees
11     and costs of $819.50, accruing interest at the rate
12     of 10% per annum. (A copy of the judgment is
13     attached hereto and incorporated herein as Exhibit
14     A).
15 11. In October 2000, Wells Fargo served a writ of
16     garnishment on Plaintiff's employer, Gilbert Unified
17     School District, and began garnishing a portion of
18     Plaintiff's paycheck each and every pay period
19     thereafter.
20 12. Defendants have maintained the garnishment on
21     Plaintiff's wages beginning in October 2000 and
22     continuing through December 2010.
23 13. On or about December 8, 2010, Defendants filed to
24     have the wage garnishment quashed.
25 14. Under Arizona statute, a judgment must be renewed

-3-

1     either by affidavit filed within 90 days of
2     expiration of five years from the date of entry of
3     the judgment (A.R.S. § 12-1612), or by action
4     thereon at any time within the five years after the
5     entry of the judgment. (A.R.S. § 12-1611).
6 15. Wells Fargo failed to file an affidavit of renewal
7     of judgment within 90 days of the five years after
8     the entry of judgment.
9 16. Wells Fargo failed to renew the judgment by action
10     within five years after the date of the judgment.
11     (See *Fidelity National Financial Inc. v. Friedman*,
12     225 Ariz. 307, 238 P.3d 118 (2010)
13 17. Since February 25, 2004, Defendants have continued
14     their garnishment of Plaintiff's wages based on the
15     expired judgment.
16 18. Demand has been made to Wells Fargo, through its
17     counsel, to return all money wrongfully garnished
18     from Plaintiff after the judgment expired on
19     February 25, 2004, but Wells Fargo has refused to
20     pay.
21 19. Plaintiff has suffered damages as a result of
22     Defendants' wrongful actions.
23                **IV. CAUSES OF ACTION.**
24                **A. Wrongful Garnishment.**
25 20. Plaintiff realleges and incorporates the foregoing

- 4 -

1  paragraphs.
2  21. Plaintiff has been damaged by Defendants wrongful
3      garnishment of her wages since February 2004, in
4      amount estimated to be in excess of $20,000 plus
5      interest.

### B. Conversion.

7  22. Plaintiff realleges and incorporates the foregoing
8      paragraphs.
9  23. Defendants converted Plaintiff's property by
10     wrongfully garnishing her wages since February 2004.
11 24. Plaintiff has been damaged by Defendants wrongful
12     garnishment of her wages since February 2004, in
13     amount estimated to be in excess of $20,000 plus
14     interest.

### C. Punitive Damages

16 25. Plaintiff realleges and incorporates the foregoing
17     paragraphs.
18 26. Defendants' actions as alleged above show willful
19     and malicious conduct in conscious disregard to the
20     rights of Plaintiff sufficient to justify and
21     warrant an award of punitive damages.
22     **C. Fair Debt Collection Practices Act (FDCPA).**
23 27. Plaintiff realleges and incorporates the foregoing
24     paragraphs.
25

-5-

### 1. Statutory Structure of FDCPA

28. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

29. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

30. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

31. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

32. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce

-6-

or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

33. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### 2. Facts Specific to FDCPA Claim.

34. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).

35. Defendant Casebolt collects or attempts to collect debts owed or asserted to be owed or due another.

36. Casebolt is a "debt collector" as that term is defined by FDCPA § 1692a(6).

37. Defendant Schenk collects or attempts to collect debts owed or asserted to be owed or due another.

38. Schenk is a "debt collector" as that term is defined by FDCPA § 1692a(6).

39. Casebolt and Schenk are liable to Plaintiff for collection actions they took within one year prior to the filing of this complaint, including the

1    wrongful garnishment of Plaintiff's wages.
2    40. Casebolt's and Schenk's actions set forth herein
3        were intentional, willful, and in gross or reckless
4        disregard of Plaintiff's rights and part of their
5        persistent and routine practice of debt collection.
6    41. In the alternative, Casebolt's and Schenk's actions
7        were negligent.
8    42. Casebolt's and Schenk's violations of the FDCPA
9        include, but are not necessarily limited to, 15
10       U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and
11       1692f(1).
12   43. Casebolt and Schenk are liable to Plaintiff for
13       statutory damages, actual damages caused by their
14       violations of the FDCPA, court costs, and attorney's
15       fees.

### V. DEMAND FOR JURY TRIAL.

Plaintiff hereby demands a jury trial on all issues so triable.

### VI. PRAYER FOR RELIEF.

Wherefore, Plaintiff requests that judgment be entered against Defendants for:

  a)  Actual damages in an amount to be determined at trial;
  b)  Punitive damages in an amount to be determined at trial;

-8-

c) Statutory damages under the FDCPA of $1,000 for Casebolt and Germaine;

d) Pre-Judgment and post-judgment interest on all damages as allowed by law;

e) Costs and attorney's fees incurred herein; and

f) Such other relief as may be just and proper.

DATED ___April 13, 2011___.

Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, Arizona 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

- 9 -

# Exhibit A

1  Marvin J. Schenk
2  Arizona Bar ID No 001970
   ABRAMS & SCHENK
3  2211 N. 7th Street
4  Phoenix, Arizona 85006
   (602) 257-1400
5
6  Attorneys for Plaintiff

7  IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8  IN AND FOR THE COUNTY OF MARICOPA

9  WELLS FARGO BANK,                    )    NO.: CV99-00045
                                        )
10                Plaintiff,            )    JUDGMENT
                                        )
11 vs                                   )
                                        )
12                                      )
13 MANUEL W. SHORT and ADELA M.         )
   SHORT, husband and wife,             )
14                                      )
                  Defendants.           )
15

16     This cause came on regularly by motion pursuant to Rule 55(b)(1), A.R.C.P.; the
17 Defendants, MANUEL W. SHORT and ADELA M. SHORT, husband and wife, appearing
18 neither in person nor by counsel, and it appearing to the Court that the Defendants were duly
19 served with a copy of the Summons and Complaint herein in the State of Arizona; that said
20 Defendants failed to answer or otherwise appear, and the default of the Defendants, MANUEL
21 W. SHORT and ADELA M. SHORT, husband and wife, have been duly entered; that Plaintiff is
22 entitled to judgment against said Defendants, and there being no just cause of delay.

23     That Plaintiff is entitled to Judgment against the Defendants, MANUEL W. SHORT and
24 ADELA M. SHORT, husband and wife, and each of them, for the sum of $30,210.99 principal;
25 for accrued interest in the sum of $-0-, plus accruing interest thereon at the rate of 13.50% per
26
27
28

annum from December 18, 1998, until paid; for the sum of $600.00 attorney's fees, and for Plaintiff's costs herein expended and incurred in the sum of $219.50.

That Plaintiff's said security agreement constitutes a valid lien on the collateral described in Exhibit "A" attached to Plaintiff's Complaint, and that Plaintiff is entitled to immediate possession thereof; and that the security be sold according to the laws of the State of Arizona pursuant to the Uniform Commercial Code and that Plaintiff have Judgment against the Defendants, MANUEL W. SHORT and ADELA M. SHORT, husband and wife, and each of them, for the unpaid balance.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff, WELLS FARGO BANK, have Judgment against the Defendants, MANUEL W. SHORT and ADELA M. SHORT, husband and wife, and each of them, for the sum of $30,210.99 principal; for accrued interest in the sum of $-0-, plus accruing interest thereon at the rate of 13.50% per annum from December 18, 1998, until paid; for the sum of $600.00 attorney's fees, and for Plaintiff's costs herein expended and incurred in the sum of $219.50 and for taxable accruing costs, together with interest on the attorney's fees and costs at the rate of 10% per annum, from date of Judgment, until paid.

FURTHERMORE, that Plaintiff's said security agreement constitutes a valid lien on the collateral described in Exhibit "A" attached to Plaintiff's Complaint, and that Plaintiff recover possession thereof, and that the security be sold according to the laws of the State of Arizona pursuant to Uniform Commercial Code and that Plaintiff have Judgment against the Defendants, MANUEL W. SHORT and ADELA M. SHORT, husband and wife, and each of them, for the unpaid balance.

IT IS ORDERED that the Court retains continuing jurisdiction over the issues of attorney's fees and costs.

2

From:                                                                04/  2011 08:18     #340 P.018/019

DONE IN OPEN COURT this $\underline{25}$ day of $\underline{February}$ 1999.

/s/ Robert A. Budoff
COMMISSIONER

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

3

From:                                                04/  2011 08:18      #340 P.019/019

NAME: Floyd W. Bybee, Attorney
ADDRESS: 2473 S. Higley Rd Ste 104-308
CITY, STATE, ZIP: Gilbert AZ 85255
Atty For Plaintiff

COPY

APR 14 2011

JEANES, CLERK
A. JAMES
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Adela M. Short
_____
PLAINTIFF,

vs.

Wells Fargo Bank, N.A.
Cosebolt + Germain, PLC; Martin Shuck
DEFENDANT.

NO. CV2011-093632

CERTIFICATE OF
COMPULSORY
ARBITRATION

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs does / does not exceed limits set by Local Rule for compulsory arbitration. This case is / is not subject to the Uniform Rules of Procedure for Arbitration.

SUBMITTED this  14th  day of  April , 20 11 .

BY  _____

CCA

Form #200 LRD 3/20/01 ALL RIGHTS RESERVED
© Clerk of Superior Court of Arizona in Maricopa County

**EXHIBIT 2**



# Snell & Wilmer
## L.L.P.
### LAW OFFICES

One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000
602.382.6070 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
SALT LAKE CITY
TUCSON

John M. DeStefano III
602.382.6386
jdestefano@swlaw.com

May 18, 2011

U.S. District Court of Arizona
Sandra Day O'Connor U.S. Courthouse
401 W. Washington Street, Suite 130, SPC 1
Phoenix, AZ 85003-2118

    Re:   *Adela M. Short v. Wells Fargo Bank, et al.*
            Maricopa County Superior Court Cause No. CV2011-093632

To Whom It May Concern:

    I am counsel for Defendant Wells Fargo Bank, National Association ("Wells Fargo"), and have authority to act on behalf of Wells Fargo in the litigation entitled *Adela M. Short v. Wells Fargo Bank, et al.*, Maricopa County Superior Court Cause No. CV2011-093632. On behalf of Wells Fargo, I consent to removal of this action to the Federal Court.

                                      Very truly yours,

                                      Snell & Wilmer

                                      John M. DeStefano III

JMD:dpr

13092847